# United States Bankruptcy Court
## Eastern District of Louisiana

In re  **Joseph Rivers**
**Verna M. Lloyd**
Debtor(s)

Case No. _____
Chapter **13**

## CHAPTER 13 PLAN   0% (estimated) 60 mos.

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$650.73** per month for **60** months.

   Total of plan payments: **$39,043.40**

2. Plan Length: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor has been discharged. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:  **10.00%**
      (2) Attorney's Fee (unpaid portion):  **$1,994.00 to be paid through plan in monthly payments**
      Attorney's fees are subject to application and approval of the court. Attorney fees to be paid through plan with first funds until fees are paid at 100%, except for adequate protection payments to car creditors.
      (3) Filing Fee (unpaid portion):  **NONE**

   b. Priority Claims under 11 U.S.C. § 507

   | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
   |---|---|---|---|---|
   | **-NONE-** | | | | |

   c. Secured Claims
      (1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

   | Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
   |---|---|---|---|---|
   | **Citifinancial Auto** **2008 Hyundai Sonata** | 17,000.00 | $50/mo. 1st 3 mos. | 5.5% | 17,000.00 |
   | **Unifund CCR Partners** **Residence** **5072 Lyons Ct.** **Marrero, LA 70072** | 8,500.00 | 421.25/mo. next 40 mos. Pay as you can. | 5.5% | 8,500.00 |

(2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
|---|---|---|---|---|
| -NONE- | | | | |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Payments |
|---|---|---|---|---|
| -NONE- | | | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid *estimated* 0 cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Name/Description of Collateral | Amount of Default to be Cured | Monthly Payment | Interest Rate (If specified) | Total Payments |
|---|---|---|---|---|
| U.S. Bank<br>Residence<br>5072 Lyons Ct.<br>Marrero, LA 70072 | 8,000.00 | 200/mo.<br>mos. 9-48 | *Included* | 8,000.00 |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Collateral | Market Value | Amount of Claim |
|---|---|---|---|
| National Auto Finance | 2004 Ford Focus (3rd party pays) | 5,875.00 | 14,300.00 |
| U.S. Bank | Residence<br>5072 Lyons Ct.<br>Marrero, LA 70072 | 90,000.00 | 66,500.00 |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| -NONE- | |

9. Property to Be Surrendered to Secured Creditor

| Name | Collateral | Market Value | Amount of Claim |
|---|---|---|---|
| Capital One Auto Finance | 2008 Kia Sedona | 14,550.00 | 17,000.00 |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Collateral | Market Value | Amount of Claim |
|---|---|---|---|
| -NONE- | | | |

11. Title to the Debtor's property shall revest in debtor on confirmation of a plan.

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses:

1. Attorney Fees                                1,994.00
2. Arrearages                                   8,000.00
3. Secured Claims                              25,500.00
4. Priority Claims                                  0.00
5. Separate Class of Unsecured Claims               0.00
6. All other unsecured claims                       0.00

Total payments to above Creditors              35,494.00
Trustee fees                                    3,549.40
Total Debtor payments to the Plan              39,043.40

Reconciliation with Chapter 7:

Interest of unsecured creditors if Chapter 7 filed
    Total property of debtor
    Property securing debt (excludes avoided liens)
    Priority unsecured claims (Schedule E)
    Exempt property
    Administrative Costs
        Available to General Unsecured (Under Chapter 7)
        Total General Unsecured

*See attached liquidation analysis.*

Percent of unsecured, nonpriority claims paid if Chapter 7 filed (est.)

Percent of unsecured, nonpriority claims paid under Plan

X *Joseph Rivers*

X *Verna McBlyd*

DEBTOR[S] Joseph Rivers / Verna Lloyd          CASE NO. _____

# LIQUIDATION ANALYSIS WORKSHEET

I. CALCULATION OF NET LIQUIDATION AMOUNT

REAL ESTATE [SCH A OR BPO WHICH HAS TO BE WITHIN 2 YEARS]
[1] 90,000 / [2] _____ / [3] _____

MARKET VALUE [MV] OF REAL ESTATE LESS 10% [6% SALES COMMISSION + 4% CLOSING COST [MV x .90] = a
[1] 81,000 / [2] _____ / [3] _____

EXEMPTION ON REAL ESTATE [SCH C] = b
[1] 56,000 / [2] _____ / [3] _____

LESS MTG[S] ON REAL ESTATE [SCH D] = c
[1] 83,000 / [2] _____ / [3] _____

LINE TOTAL a – b – c = [1]
[1] 0 / [2] _____ / [3] _____          = [1] 0

II. CALCULATION OF NET LIQUIDATION ON SUCCESSION

AMOUNT OF SUCCESSION [LINE 20 ON SCH B] = d
[1] _____ / [2] _____
[MV OF SUCCESSION INTEREST LESS MTG & HOMESTEAD EXEMPTION (ONLY IF ONE PARENT IS LIVING)

LESS: COST OF OPENING SUCCESSION ($2,500.00) X'S DEBTOR(S) PORTION INTEREST = d1
[1] _____ / [2] _____

LINE TOTAL d – [d1] = [2]
[1] _____ / [2] _____          = [2] _____

III. CALCULATION OF NET LIQUIDATION ON REMAINING ASSETS [SCHB]
          [SCHB]        LESS EXEMPTION [SCH C]   MINUS MTG [SCH D]
LINE 1 THRU 3   $ _____ = e   60
LINE 4 THRU 8   $ _____ = f   40
LINE 9 THRU 19  $ _____ = g   ____
LINE 20         $ _____ = h   ____
LINE 22 – 24    $ _____ = i   ____
                $ 08 Sonata 13925 – 17000           = ____  0
LINE 25         $ 08 Sedona 14555 – 17000 Sur       = j     0
LINE 26         $ _____ = k   0
ADD e + f + g + h + i + j + k = [3]  04 Focus 5875 – 1430       = [3] 100
TOTAL OF NET LIQUIDATION OF ESTATE  94 Mercury 2675 – 7500   0

ADD 1 + 2 + 3 LESS PRIORITY [SCH E] _____ = [4]              = [4] _____

LINE 4 LESS ___% ADMINSTRATIVE COST [LINE 4 x .99]              = [5] _____

IF LINE 5 IS LESS THAN $1,500.00 LIQUIDATION IS ZERO.

IF LINE 5 IS MORE THAN $1,500.00 PROCEDE TO DEDUCT CHP 7 TRUSTEE COMMISSION BASED ON THE FOLLOWING: LINE 5 LESS CHAPTER 7 TRUSTEE COMMISSION

25% OF THE FIRST $5,000.00                                      = l _____
10% OF THE FIRST $5,000.01 TO 50,000.00                         = m _____
5% OF THE FIRST $50,000.01 TO 999,999.99                        = n _____
REASONABLE COMPENSATION NOT TO EXCEED 3% OF THE AMOUNT OVER $1,000,000.00 = o _____

ADD l + m + n + o = [6]
                                                                = [6] < _____ >
LINE 5 LESS LINE 6 = [7]
                                                                = [7] _____

DISCOUNT RATE 6% FACTOR DEPENDS ON THE TERM OF THE PLAN [SEE CHART]

LINE 7 X [CHART VALUE] = [8]                                    = [8] 0